DECISION AND JOURNAL ENTRY
Appellant, William K. Skaggs, appeals his conviction in the Medina County Court of Common Pleas. We affirm.
 I.
On September 2, 1998, the Medina County Grand Jury indicted Mr. Skaggs on three counts of abduction, in violation of R.C.2905.02, with three accompanying firearm specifications, in violation of R.C. 2941.145; two counts of domestic violence, in violation of R.C. 2919.25, with a single firearm specification, in violation of R.C. 2941.145; and one count of having weapons while under disability, in violation of R.C. 2923.13, with an accompanying firearm specification, in violation of R.C. 2941.145.
On February 23, 1999, based upon the stipulation of the parties, the trial court found that Mr. Skaggs was competent to stand trial, pursuant to R.C. 2945.37 through 2945.38. A jury trial was held on August 18 and 19, 1999. At trial, Mr. Skaggs presented a defense, consisting of the testimony of his brother, Douglas Skaggs. In a verdict journalized on September 2, 1999, the jury found Mr. Skaggs guilty of all counts contained in the indictment. He was sentenced accordingly. This appeal followed.
 II.
Mr. Skaggs asserts two assignments of error. We will discuss each in turn.
 A. First Assignment of Error THE EVIDENCE WAS INSUFFICIENT TO CONVICT THE APPELLANT OF ABDUCTION BECAUSE THE STATE NEVER PROVED THAT THE DEFENDANT RESTRAINED THE VICTIMS' LIBERTY
 In his first assignment of error, Mr. Skaggs asserts that the evidence adduced at trial was insufficient to support his conviction for abduction of Christopher Clizbe, Lynn Duffield, and Ethel Sue Herman. Specifically, Mr. Skaggs argues that "the State failed to prove the essential elements of the crime beyond a reasonable doubt, namely, that it failed to proved [sic] that Mr. Skaggs in any way restrained the liberty of the three complaining victims."[1] We disagree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Statev. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
Mr. Skaggs was convicted of three counts of abduction, in violation of R.C. 2905.02, which states in relevant part:
 (A) No person, without privilege to do so, shall knowingly do any of the following:
* * *
 (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]
 In his brief to this court, Mr. Skaggs conceded that "by brandishing a gun and saying `the only way anybody is leaving this home today is in a body bag!' [Mr. Skaggs] exercised force and made threats." (Citation omitted.) He further acknowledges that "each of the alleged victims, testified that Mr. Skaggs placed them in fear." Hence, Mr. Skaggs' challenge of the sufficiency of the evidence focuses on whether Mr. Skaggs restrained the liberty of his victims. He argues that the facts of the case negate the proposition that anyone's liberty was restrained because Mr. Clizbe and Ms. Duffield were able to leave the house without any opposition from Mr. Skaggs and because Ms. Herman voluntarily stayed with Mr. Skaggs to talk him out of committing suicide. However, we find that the State adduced evidence, which, if believed, could allow a rational jury to conclude that Mr. Skaggs restrained the liberty of his three victims.
The following are the facts of this case in a light most favorable to the prosecution. On the morning of August 16, 1998, Ruth Scaggs (now Ruth Ann Young-Severs) asked Mr. Skaggs for an annulment of their marriage of approximately one month, which caused Mr. Skaggs to become very angry and spawned arguments throughout the day. In the afternoon, Mrs. Skaggs went with Ethel Sue Herman, who is Mr. Skaggs' sister, to Ms. Herman's house, and was later joined by Lynn Duffield, Ruth Skaggs' daughter from a previous marriage. Mr. Skaggs appeared, without invitation, at Ms. Herman's house and would not leave when asked, so the three women decided to go to Paul's Pub. Upon returning from Paul's Pub, Mr. Skaggs was still at Ms. Herman's house and followed Mrs. Skaggs into the backyard, where the two argued. Mr. Skaggs then spit in his wife's face and slapped her across the face with enough force to cause her glasses to fly off. Ms. Herman told her brother, Mr. Skaggs, to leave the premises, but before leaving, Mr. Skaggs threatened that he had a gun and enough ammunition to kill everyone, according to Mr. Clizbe's testimony.
Thereafter, the police were summoned, and Officer Amy Kerr of the City of Medina Police Department took Mrs. Skaggs to her police cruiser, which was approximately one block away from the residence, to make a report. While interviewing Mrs. Skaggs, Officer Kerr learned that Mr. Skaggs had threatened to get his gun and kill everybody.
Before Officer Kerr got back to Ms. Herman's house, Mr. Skaggs had returned and reentered the residence with a firearm, via the back door which Ms. Herman had forgot to lock. At that time, the occupants of the house included Ms. Duffield, Mr. Clizbe, and Ms. Herman, her husband, and their children. Mr. Clizbe, Ms. Herman, and Ms. Duffield were in the dining room talking when Mr. Skaggs entered the house, swept the gun around the room, and told them that no one was to leave. Witnesses testified that he appeared to be searching for his wife. Ms. Duffield testified that when Ms. Herman asked if Mr. Skaggs would let them leave, he threatened that "[n]obody was leaving [the house] but in a body bag." All three victims testified that they felt that they were not free to leave.
At one point, there was either a noise or a knock at the door. Ms. Duffield walked to the door, opened it, and ran out, despite being warned not to leave by Mr. Skaggs. After Ms. Duffield left the house, Mr. Clizbe described Mr. Scaggs as panicked and stated that Ms. Herman attempted to calm down Mr. Skaggs. She eventually convinced him to hide his gun in the closet, but almost immediately thereafter, Mr. Skaggs retrieved the gun. Ms. Herman then proceeded to distract Mr. Skaggs, and upon being given a signal by Ms. Herman, Mr. Clizbe escaped through the back door.
According to the testimony of Officer Kerr, when Ms. Duffield came running out the front door, she was hysterical, crying, and screaming. Similarly, Officers Edward Kinney and Mark Kollar of the City of Medina Police Department testified that Mr. Clizbe frantically ran out of the house, via the back door, and appeared very frightened. Both Mr. Clizbe and Ms. Duffield were in the house less than approximately fifteen minutes before they escaped.
Eventually, Mr. Skaggs ran down the hall, threatening to kill himself. Witnesses heard a gunshot, and police officers found Mr. Skaggs underneath a bed bleeding. The officers testified that at the time, they believed that Mr. Skaggs had shot himself.
After a careful review of the record, we conclude that in viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that, by brandishing a gun, holding his victims at gunpoint, and threatening to kill anyone who tried to leave, Mr. Scaggs restrained the liberty of Ms. Duffield, Mr. Clizbe, and Ms. Herman. Consequently, the jury could find the essential elements of abduction beyond a reasonable doubt. As such, Mr. Skaggs' first assignment of error is overruled.
 B. Second Assignment of Error THE COURT ERRED BY NOT ALLOWING THE JURY TO LEARN OF THE APPELLANT'S PREVIOUS SUICIDE ATTEMPTS
 During trial, Mr. Skaggs sought to have his medical records admitted into evidence. While the State stipulated to the authenticity of the medical records, it objected on the basis of relevancy. The trial court admitted Mr. Skaggs' medical records into evidence but redacted the portions dealing with Mr. Skaggs' previous suicide attempts. On appeal, Mr. Skaggs contends that the trial court erred by excluding the evidence regarding Mr. Skaggs' previous suicide attempts, which evidence would purportedly demonstrate that he had not entered his sister's house to abduct his three victims, but rather, to commit suicide. We disagree.
It is well settled that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. A trial court's decision regarding the admission or exclusion of evidence will not be reversed unless the trial court clearly abused its discretion and the criminal defendant has suffered material prejudice as a result. State v. Long (1978),53 Ohio St.2d 91, 98.
Relevant evidence is generally admissible. Evid.R. 402. In the case sub judice, Mr. Skaggs argues that the trial court erred in refusing to admit evidence regarding his previous suicide attempts because this evidence was relevant to show that "Mr. Skaggs' sole purpose that day when he entered his sister's house was to commit suicide" and not to abduct anyone. However, the offense of abduction does not require the culpable mental state of purposely, but rather requires that a person knowingly restrain the liberty of another by force or threat, under circumstances which place the victim in fear. R.C. 2905.02(A)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Evidence concerning Mr. Skaggs' previous suicide attempts ostensibly demonstrates his purpose, but does not go to show his awareness that his conduct will probably cause a certain result, namely restraining the liberty of Ms. Duffield, Mr. Clizbe, and Ms. Herman by brandishing a gun and threatening to kill them if they left. Consequently, we conclude that the trial court did not abuse its discretion in excluding evidence of Mr. Skaggs' previous suicide attempts. As such, Mr. Skaggs' second assignment of error is overruled.
 III.
Mr. Skaggs' assignments of error are hereby overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM G. BATCHELDER
[1] Mr. Skaggs only challenges the sufficiency of the evidence regarding his convictions for three counts of abduction and does not assert that the evidence was insufficient to support his convictions for two counts of domestic violence and for one count of having a weapon while under disability.